UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TARRELL HUGHES,<br><br>        Plaintiff,<br><br>v.<br><br>MEGAN SMITH, et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 11)**<br><br>Case No. 2:23-cv-00473<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

    Plaintiff Tarrell Hughes, proceeding *in forma pauperis* (without paying the filing fee) and without an attorney, filed this action against Megan Smith, a U.S. Marshal identified only as "Andy," and other unnamed defendants on July 21, 2023.[1] Mr. Hughes now moves for appointment of counsel.[2] Because Mr. Hughes does not provide a reason for his request, the motion is denied without prejudice.

    While defendants in criminal cases have a constitutional right to representation by an attorney,[3] "[t]here is no constitutional right to appointed counsel in a civil case."[4] Appointment of counsel in civil cases is left to the court's discretion.[5] Indigent parties in civil cases may

---

[1] (*See* Compl., Doc. No. 5.)

[2] (Mot. for Appointment of Counsel, Doc. No. 11.)

[3] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[4] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[5] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has enough merit to warrant appointment of counsel.[6] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[7]

Mr. Hughes asks the court to appoint counsel but states no reason or basis for the request, other than that he has been granted leave to proceed *in forma pauperis*. As outlined above, this is insufficient to warrant appointment of counsel in a civil case. Accordingly, the court DENIES Mr. Hughes' motion for appointment of counsel[8] without prejudice.[9]

DATED this 20th day of November, 2023.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[6] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[8] (Doc. No. 11.)

[9] Because the motion is denied without prejudice, Mr. Hughes can refile the motion explaining why, under the factors outlined above, his case warrants the appointment of counsel.