UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TARRELL HUGHES, | **REPORT AND RECOMMENDATION TO DISMISS CLAIMS AGAINST MEGAN SMITH** |
| Plaintiff, | |
| v. | Case No. 2:23-cv-00473 |
| MEGAN SMITH, et al., | District Judge David Barlow |
| Defendants. | Magistrate Judge Daphne A. Oberg |

Plaintiff Tarrell Hughes, proceeding without paying the filing fee and without an attorney, filed this action against Megan Smith, a U.S. Marshal identified only as "Andy," and other unnamed defendants on July 21, 2023.[1] The court ordered Mr. Hughes to complete and return to the clerk's office a completed summons and service-of-process form for each defendant by December 8, 2023.[2] Despite numerous extensions of this deadline, Mr. Hughes has not submitted the service-of-process forms as ordered. As explained below, although Mr. Hughes indicates he is pursuing public records requests and subpoenas to identify the unnamed defendants, he has not described any efforts to obtain an address for service of Ms. Smith. Accordingly, the undersigned[3] recommends the district judge dismiss Mr. Hughes' claims against Ms. Smith for failure to prosecute and failure to comply with the court's orders.

---

[1] (*See* Compl., Doc. No. 5.)

[2] (Order for Serv. of Process, Doc. No. 10.)

[3] This case is referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. Nos. 7, 9.)

1

## BACKGROUND

Mr. Hughes filed this case July 21, 2023.[4] The court granted Mr. Hughes' motion to waive the filing fee.[5] After screening his complaint, Mr. Hughes was ordered to submit a completed summons and service-of-process form for each defendant by December 8, 2023,[6] to facilitate service of process by the court.[7]

Mr. Hughes submitted a summons and service-of-process form for Ms. Smith in December 2023, but the address on the service form was deficient.[8] Specifically, the form stated Ms. Smith should be served at the U.S. Marshals Office at this court's address,[9] but the Marshals indicated she could not be served at that address because she no longer works for the U.S. Marshals Service.[10] Mr. Hughes was ordered to submit a new form with a new address for service.[11]

The court has since granted several extensions of the deadline to submit service forms, most recently extending it to May 31, 2024.[12] In granting these extensions, the

---

[4] (See Doc. No. 2 (lodging case-initiating documents on the docket pending review of Mr. Hughes' motion to waive the filing fee).)

[5] (See Doc. No. 4.)

[6] (See Doc. No. 10.)

[7] See 28 U.S.C. § 1915(d) (providing that when a filing fee waiver is granted, "officers of the court shall issue and serve all process").

[8] (See Doc. Nos. 13, 17.)

[9] (See Doc. No. 13 at 2.)

[10] (See Doc. No. 17.)

[11] (See Doc. No. 18.)

[12] (Doc. No. 27; see also Doc. Nos. 16, 21, 24.)

court acknowledged Mr. Hughes' representation that he was pursuing public records requests to identify the unnamed defendants,[13] but noted Mr. Hughes did not explain how such requests would assist him in locating an address for service for Ms. Smith.[14] Accordingly, the most recent extension order stated the court was not inclined to grant further extensions as to Ms. Smith.[15] Mr. Hughes was also repeatedly warned that if he did not submit service forms as ordered, the complaint could be dismissed.[16]

After the May 31 deadline passed without service forms being submitted,[17] Mr. Hughes was ordered to show cause by September 17, 2024, why this case should not be dismissed for failure to prosecute or comply with the court's order.[18] Mr. Hughes filed a response on September 10, indicating he was continuing to pursue public records requests and intended to pursue subpoenas to identify the unnamed defendants.[19] He also described a family health emergency "at the time of the last

---

[13] (See Doc. No. 16 at 1; Doc. No. 21 at 2; Doc. No. 24 at 2; Doc. No. 27 at 1–2.)

[14] (Doc. No. 27 at 2.)

[15] (Id.)

[16] (See Doc. No. 10 at 1; Doc. No. 18 at 2; Doc. No. 21 at 2; Doc. No. 24 at 2; Doc. No. 27 at 2; Doc. No. 28 at 2.)

[17] Mr. Hughes previously submitted a service-of-process form for Defendant Megan Smith, but the address on the form was deficient, and Mr. Hughes was ordered to submit a new form. (See Order to Submit New Service-of-process Form for Megan Smith, Doc. No. 18.) Mr. Hughes has not done so.

[18] (Order to Show Cause, Doc. No. 28.)

[19] (Answer to Order to Show Cause, Doc. No. 29.)

3

deadline" and continuing through the summer, and he requested another extension.[20] However, he did not describe any efforts to obtain an address for Ms. Smith.

## LEGAL STANDARDS

Because Mr. Hughes does not have an attorney, he is held to a less stringent standard than a licensed attorney,[21] but he must still "follow the same rules of procedure that govern other litigants."[22]

When a filing fee waiver is granted, "officers of the court shall issue and serve all process."[23] But "the onus remains upon [the] plaintiff to discover and submit sufficient information for service of all defendants."[24]

Rule 41(b) of the Federal Rules of Civil Procedure establishes the court's authority to dismiss a case with or without prejudice for failure to prosecute or comply with court orders. This rule states that if a plaintiff fails to prosecute or comply with federal rules or court orders, the defendant "may move to dismiss the action or any claim against it."[25] But "Rule [41(b)] has long been interpreted to permit courts to

---

[20] (*Id.*)

[21] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[22] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[23] 28 U.S.C. § 1915(d).

[24] *Leek v. Thomas*, No. 09-3036, 2009 U.S. Dist. LEXIS 78250, at *8 (D. Kan. Sep. 2, 2009) (unpublished); *see also Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (noting that when a fee waiver is granted, it is the plaintiff's "responsibility to provide proper addresses for service").

[25] Fed. R. Civ. P. 41(b).

4

dismiss actions sua sponte for a plaintiff's failure to prosecute."[26]  Additionally, the District of Utah's local rules provide: "[a]t any time, the court may issue an order to show cause requiring a party seeking affirmative relief to explain why the case should not be dismissed for lack of prosecution."[27]  And "[i]f the party does not show good cause, [the judge] may enter an order of dismissal" which "may be with or without prejudice, as the court deems proper."[28]

The court employs different standards depending on the type of dismissal.  When dismissing with prejudice, the court must consider the five *Ehrenhaus* factors:  (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[29]  But "[w]hen dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."[30]

---

[26] *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (alteration in original) (citation omitted).

[27] DUCivR 41-2.

[28] *Id.*

[29] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (holding the *Ehrenhaus* factors must be considered when dismissing a case with prejudice under Rule 41(b)).

[30] *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

Dismissal of Mr. Hughes' claims against Megan Smith is warranted based on Mr. Hughes' failure to prosecute these claims and his failure to comply with multiple court orders requiring him to submit an address for service of Ms. Smith.  Despite several extensions of the deadline to submit service forms, and multiple warnings that failure to comply could result in dismissal, Mr. Hughes has failed to submit a new address for service of Ms. Smith as ordered, thereby preventing the case from moving forward.  Since being ordered to submit a new service form for Ms. Smith in December 2023, Mr. Hughes has demonstrated no efforts to locate an address for her.  Under these circumstances, dismissal under Rule 41(b) is warranted.  The remaining issue is whether the dismissal should be with or without prejudice.

Several *Ehrenhaus* factors weigh in favor of dismissal with prejudice.  The amount of interference with the judicial process is significant, where Mr. Hughes' failure to comply with court orders has prevented the case from moving forward.  Mr. Hughes is highly culpable, where he failed to comply despite receiving several extensions and repeated, specific instructions on what he needs to submit.  Mr. Hughes has also been warned multiple times that failure to comply would result in dismissal.  And sanctions other than dismissal would be ineffective, where Mr. Hughes has already been given multiple opportunities to comply and failed to do so.

On the other hand, the first *Ehrenhaus* factor weighs against dismissal with prejudice.  The actual prejudice to Ms. Smith is low, where she has not been served or appeared in this case.  Additionally, under Rule 4(m) of the Federal Rules of Civil

Procedure, a dismissal for failure to timely complete service is without prejudice.[31]  Mr. Hughes' failure to submit the forms necessary to permit court service is akin to a failure to serve.  Where Mr. Hughes' failure to submit the required forms has prevented service of Ms. Smith, and a dismissal for failure to serve is without prejudice, the same approach is appropriate here.  Considering the lack of prejudice to Ms. Smith and the nature of Mr. Hughes' noncompliance, dismissal without prejudice is recommended.

## RECOMMENDATION

The undersigned recommends the district judge dismiss Mr. Hughes' claims against Megan Smith without prejudice for failure to prosecute and failure to comply with court orders.  The court will send this Report and Recommendation to Mr. Hughes, who is notified of his right to object to it.  Mr. Hughes must file any objection within fourteen days of service.[32]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of October, 2024.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[31] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

[32] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2).