THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| TARRELL HUGHES,<br><br>             Plaintiff,<br><br>v.<br><br>MEGAN SMITH, et al.,<br><br>             Defendants. | **ORDER OVERRULING PLAINTIFF'S [32] OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; ADOPTING [30] REPORT AND RECOMMENDATION; AND DISMISSING PLAINTIFF'S CLAIMS AGAINST MEGAN SMITH WITHOUT PREJUDICE**<br><br>Case No. 2:23-cv-00473<br><br>District Judge David Barlow |

Before the court is United States Magistrate Judge Daphne A. Oberg's Report and Recommendation to dismiss Plaintiff Tarrell Hughes' ("Mr. Hughes") claims against Megan Smith ("Ms. Smith") without prejudice for failure to prosecute and failure to comply with court orders.[1] Mr. Hughes filed an objection.[2] For the reasons below, the court overrules Mr. Hughes' objection, adopts the Report and Recommendation, and dismisses his claims against Ms. Smith without prejudice.

## BACKGROUND

Mr. Hughes filed this action against Ms. Smith, a U.S. Marshal identified only as "Andy," and other unnamed defendants on July 21, 2023.[3] Federal Rule of Civil Procedure 4(m) requires that service be completed within ninety days of filing a complaint. After failing to serve

---

[1] R. & R. 7, ECF No. 30, filed October 7, 2024.
[2] Pl. Obj. to Mag. J. R. & R. ("Obj. to R. & R."), ECF No. 32, filed October 25, 2024; *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.
[3] Compl., ECF No. 5.

Defendants within ninety days of filing the Complaint, on November 14, 2023, the magistrate

judge ordered Mr. Hughes to complete and return to the clerk's office a summons and service-of-

process form for each defendant by December 8, 2023.[4] In this same order, the court warned that

if the completed forms are not submitted as directed, the complaint may be dismissed.[5] On

December 5, 2023, Mr. Hughes submitted a summons and service-of-process form for Ms.

Smith, but the address on the service form was deficient.[6] Specifically, the form stated that Ms.

Smith should be served at the U.S. Marshals Office at this court's address,[7] but the Marshals

indicated she could not be served at that address because she no longer works for the U.S.

Marshals Service.[8] Accordingly, on December 18, 2023, the magistrate judge ordered Mr.

Hughes to submit a new service of process form with an updated address for Ms. Smith by

January 12, 2024.[9] The magistrate judge warned that "[i]f a new form is not submitted for Ms.

Smith as directed, the claims against Ms. Smith may be dismissed."[10]

Over the next several months, the magistrate judge granted four extensions to submit the

service-of-process forms as ordered, which were based on Mr. Hughes pursuing public records

requests.[11] The most recent of these orders extended Mr. Hughes' deadline to May 31, 2024.[12]

This order also noted that because "Mr. Hughes does not explain how a response to his FOIA

request would assist him in locating an address for service for the named defendant, Megan

---

[4] Order for Serv. of Process, ECF No. 10.
[5] *Id.*
[6] ECF Nos. 13, 17.
[7] ECF No. 13 at 2.
[8] ECF No. 17.
[9] ECF No. 18.
[10] *Id.*
[11] ECF Nos. 16, 21, 24, 27.
[12] ECF No. 27.

Smith, . . . the court is not inclined to grant further extensions of the deadline to submit the service-of-process form for Ms. Smith."[13]

The May 31 deadline passed without Mr. Hughes submitting the requested forms or otherwise responding to the court's order. On August 27, 2024, the magistrate judge issued an Order to Show Cause as to why this action should not be dismissed for failure to prosecute or comply with the court's order.[14] On September 10, 2024, Mr. Hughes responded, indicating that he was continuing to pursue public records requests and intended to pursue subpoenas to identify the unnamed defendants.[15] He also described a family health emergency "at the time of the last deadline" and continuing through the summer, and he requested another extension.[16] However, he did not describe any efforts to obtain an address for Ms. Smith.

On October 7, 2024, the magistrate judge issued a Report and Recommendation recommending the court to dismiss Mr. Hughes' claims against Ms. Smith without prejudice for failure to prosecute and failure to comply with court orders. In doing so, the magistrate judge considered the *Ehrenhaus*[17] factors, finding that four of them weighed in favor of dismissal with prejudice.[18] Ultimately, the court found that the first *Ehrenhaus* factor—the degree of actual prejudice to the defendant—was low because she had not been served or appeared in this case, and therefore recommended dismissal without prejudice.[19] On October 25, 2024, Mr. Hughes objected to the magistrate judge's Report and Recommendation.[20]

---

[13] *Id.*
[14] Order to Show Cause, ECF No. 28.
[15] Resp. to Order to Show Cause, ECF No. 29.
[16] *Id.*
[17] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).
[18] R. & R. 6.
[19] *Id.* at 6–7.
[20] Obj. to R. & R.

## STANDARD

The court conducts a de novo review of any part of a report and recommendation for which a plaintiff offers a timely and proper objection. To trigger this de novo review, an objection must adequately specify the factual and legal issues in dispute.[21] "[G]eneral objection[s] [are] insufficient" to preserve the issue for appellate review.[22] This court "reviews unobjected-to portions of a report and recommendation for clear error."[23]

## DISCUSSION

In his objection, Mr. Hughes states that he tried to go through the U.S. Marshals Service's FOIA portal and "just last week" was provided with a document with all names and contact information totally redacted.[24] Mr. Hughes further states that he plans to appeal these redactions.[25] But this does not appropriately address the underlying reason for the recommendation to dismiss. Ms. Smith no longer works for the Marshals Service, and these FOIA requests appear to be geared towards obtaining the names of the unknown defendants who still work at the Marshals Service. For example, in Mr. Hughes' response to the magistrate judge's order to show cause, he states that he "has still not received U.S. Marshals FOIA requested names on reports" and that the U.S. Department of Justice redacted names on his FOIA request to them.[26] The magistrate judge had previously noted that Mr. Hughes does not

---

[21] See *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).
[22] *Moore v. Astrue*, 491 F. App'x 921, 923 (10th Cir. 2012) (unpublished) (citing *2121 E. 30th St.*, 73 F.3d at 1060).
[23] *Johnson v. Progressive Leasing*, No. 2:22-cv-00052, 2023 WL 4044514, at *2 (D. Utah June 16, 2023) (citing *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see* Fed. R. Civ. P. 72(b) adv. comm. note to 1983 amend. ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").
[24] *Id.* at 1.
[25] *Id.* at 2.
[26] ECF No. 29.

explain how a response to his FOIA request would assist him in locating an address for service for Ms. Smith.[27]

Nonetheless, under either de novo review or review for clear error, the court finds the magistrate judge's recommendation appropriate. Mr. Hughes has known Ms. Smith's name since at least July 21, 2023, when he filed this case. It has now been approximately sixteen months, and he still has not submitted the service-of-process forms as ordered on several occasions. The magistrate judge afforded Mr. Hughes a generous number of extensions, in which the magistrate judge repeatedly warned Mr. Hughes that failure to comply may result in dismissal. Despite these extensions and warnings, Mr. Hughes has not complied with the court's order, nor requested an additional extension after May 31, 2024.

Mr. Hughes also does not dispute (or otherwise acknowledge) the magistrate judge's analysis of the *Ehrenhaus* factors, which include: (1) "the degree of actual prejudice to the defendant," (2) "the amount of interference with the judicial process," (3) "the culpability of the litigant," (4) "whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance," and (5) "the efficacy of lesser sanctions."[28] As the magistrate judge explained:

> Several *Ehrenhaus* factors weigh in favor of dismissal with prejudice. The amount of interference with the judicial process is significant, where Mr. Hughes' failure to comply with court orders has prevented the case from moving forward. Mr. Hughes is highly culpable, where he failed to comply despite receiving several extensions and repeated, specific instructions on what he needs to submit. Mr. Hughes has also been warned multiple times that failure to comply would result in dismissal. And sanctions other than dismissal would be ineffective, where Mr. Hughes has already been given multiple opportunities to comply and failed to do so.[29]

---

[27] ECF No. 27.
[28] *Ehrenhaus*, 965 F.2d at 921 (citations omitted).
[29] R. & R. 6.

Yet, because the actual prejudice to Ms. Smith is low given that she has not been served or otherwise appeared, in addition to the fact that Rule 4(m) of the Federal Rules of Civil Procedure instructs the court to dismiss without prejudice for a failure to serve the defendant, the magistrate judge concluded that dismissal without prejudice is more appropriate. The court agrees with the magistrate judge's reasoning and conclusion.

Accordingly, IT IS HEREBY ORDERED that Mr. Hughes' objection to the magistrate judge's Report and Recommendation is overruled and the Report and Recommendation is ADOPTED. The court dismisses Mr. Hughes' claims against Ms. Smith without prejudice.

Signed November 15, 2024.

BY THE COURT

_____

David Barlow
United States District Judge

6